## PACKARD *v.* UNITED STATES.

Affidavits of jurors may be received to show that they entirely misunderstood the instructions of the court; and that fact being clearly established, the verdict should be set aside, and a new trial granted.

### ERROR, *to Louisa District Court.*

This case was tried and brought up under the territorial organization of our courts. To a full understanding of the point decided, the case is sufficiently stated in the opinion of the court.

*E. H. Thomas,* for the plaintiff in error. We think the court below erred in refusing to grant a new trial, as the affidavit of Packard was offered, showing that the jury entirely misunderstood the charge of the court; which affidavit Packard offered to sustain by the affidavits of a number of the jurors. It there appears that the jury entirely misunderstood the charge of the court in this: they understood the court to charge, that if the contract of Packard with Ryan, to lease to him the premises, was separate and distinct from the subsequent promise of Packard, to be responsible for damages,

**15**

they might put them together to support the charge in the indictment, which is, that the contract to keep said fence in repair, or be responsible for damages, was made at the same time.   Now it appears, from the evidence in this case, that the first contract, to wit—to lease, &c., made by Packard with Ryan, was made April 23d, 1840, whilst the promise to stand good for damages, for want of repair, was not made until August following.   So that the jury, in order to sustain the charge of perjury, were compelled to add to the original contract to lease, the promise made four months afterwards by Packard, to be responsible for damages.   Had the jury below understood the charge of the court, to wit: that the evidence must satisfy them that the defendant was guilty, as he stood charged, without any implication to supply the defects of the indictment, Packard would have been acquitted; for the jury did find Packard not guilty of everything charged, excepting the solitary charge in relation to the contract to repair, or be responsible, &c.   The indictment alleges that said contract, to repair or be responsible, &c., was all one, and made at the same time; the evidence is, that they were at different times. Again, all the testimony of Packard, in the prosecution against Ross Porter, which is the basis of this indictment, was in relation to his having sworn falsely as to the subsequent promise to stand good for damages, and did not allude to or touch the original contract to lease, between them.   So that the verdict of guilty, in this case, was founded entirely on said subsequent promise, which promise the jury, misunderstanding the charge of the court, attached to the original contract to lease; supposing they had a right so to do, in order to sustain the indictment.   All the testimony shows, that if Packard swore falsely at all, it was in relation to the subsequent naked verbal promise, to stand good for damages.   We repeat, then, that had the jury understood the charge, to wit—that they must find defendant guilty as he stands charged, Packard would have been acquitted.

Ought not then a new trial to have been granted?   Justice and law both required it.   To sustain us in this position,

we will refer first to *Rev. Stat.* p. 156, § 75; *Hastings* v. *Bangor*, 18 Maine, (6 Shep.) page 436, where the superior court says, "if an instruction be given to the jury, which leaves them to draw an incorrect impression from the facts, material to the issue, the verdict will be set aside." See also Danes' Ab. p. 246, § 4, and the authorities there referred to, where it is held thus: "New trial granted, though evidence on both sides, if jury misconceive the law as to what was the acceptance of a bill," &c., and sec. 5, same page: "New trial granted, because the jury misconceived the effect of an indorsement on a bill of exchange;" and also a "verdict against law, new trial granted, the jury supposing an assumpsit in law excluded by an actual subsisting contract, where an end was put to the latter." In same: "A third new trial granted, the jury mistaking the demand made on the maker of a note."

In the first cited case, from Maine Reports, the doctrine is laid down much stronger than claimed for here; for there it is decided, that if an instruction be given which may mislead the jury, a new trial shall be awarded; while here an instruction was given which actually did mislead the jury, and caused them to find a verdict against Packard, which they would not have done had they rightly understood the charge. The great object of granting new trials, is to remedy the mistakes of jurors and judges; to give an opportunity to correct errors, caused by the fallibility of man, in the administration of justice. To deny this doctrine, is to subvert the very principles of law. That the mistake in the law by the jurors, in this case, was fatal to Packard, there can be no doubt. Ought not this court, then, on the authority of decided cases, as well as principles of justice, to award a new trial? But the counsel on the other side will probably contend that the affidavits of jurors ought not to be received to impeach their verdict. We believe the authorities to be, that they can impeach their verdict, excepting in those cases in which their affidavits prove their misbehavior, such as drinking spirituous liquor, and the like, while trying a cause. This, however, is not universally so. See 6 Danes' Ab. 239, and authorities referred to, which say,

" Confessions of jurors, as to their own misbehavior, may be heard on an application to set a verdict aside, and as it seems, their affidavits." See also *Smith* v. *Cheet.* 3 Caines, 57, which says, "Affidavits of jurors to impeach their own verdicts may be received." So affidavits of jurors are " admissible to show that a mistake has been made in taking their verdict, and that it was entered differently from what they intended." *Jackson* v. *Dickinson,* 15 John. 309. See also 4 John. p. 294; 5 Cow. 106, where it is held, that " affidavits of jurors may be received to show, that in making up their verdict they adopted a principle, in estimating damages, not allowed by law." See also, to same point, *Morrow* v. *McLennan,* 2 Penn. 918; *Sawyer* v. *Stephenson,* Breese, 6.

*Opinion by* HASTINGS, C. J. In this case the plaintiff was indicted for perjury, and found guilty as charged in the indictment, and fined one dollar, and sentenced to be imprisoned one hour.

This case is brought into this court by writ of error, and plaintiff has assigned fourteen errors. We will consider only the fifth assignment of errors, not deeming it important or necessary to pass upon the other errors assigned.

The fifth assignment is as follows : " The court below, erred in refusing to receive the oaths of jurors, in support of the affidavit of the said Packard, which affidavit sets forth that the jury entirely misunderstood the instructions of the court."

After the jury returned their verdict, the defendant filed his motion to set the same aside, and to grant a new trial; and also in arrest of judgment. And in support of his motion, assigned the reason that the jurors misunderstood the instructions of the court; filed his own affidavit of the fact, and proposed to prove the same by several of the jurors.

The defendant based his motion on many other reasons, and the court overruled the motion. Whereupon the defendant took exceptions, and embodied the evidence and motion in a bill of exceptions.

The defendant was found guilty by the jury, as he stood

Packard *v.* United States.

charged in the indictment, of the crime of perjury, one of the highest crimes in the criminal code ; and to punish the defendant for such a crime, the jury assessed a fine of one dollar, and imprisonment of one hour. The fine and imprisonment assessed by the jury are inconsistent with that part of the verdict finding the defendant guilty, as he stands charged in the indictment ; and although for this reason alone, the court would not· be authorized to set aside the verdict of the jury, yet we may reasonably presume that the jury labored under a misapprehension of the facts submitted in evidence, or a misunderstanding of the instructions of the court ; and we think the court erred in refusing to receive the oaths or affidavits of the jurors, in support of defendant's affidavit, that the jury misunderstood the instructions of the court. It is true that courts ought not to receive the affidavits of jurors, to impeach the conduct of their fellows, but they may be received to show misconduct of the parties. *Denn*, ex dem. *Cheins* v. *Driver*, Coxe, 109. From a careful examination of the authorities referred to in plaintiff's brief, we have no doubt that in a criminal case, affecting the life and liberty of the accused, the court ought to receive the testimony of jurors as to any palpable misapprehension of the instructions of the court, as no person is so competent as the juror himself, to prove a misunderstanding of the charge of the court, especially when, as in this case, the defendant shall make his affidavit in open court, and show therein that the court instructed the jury so unintelligibly, or that the jury so misunderstood and misconstrued the instructions of the court, that a verdict of guilty is found against him, when by the law and evidence he should have been acquitted.

We are of the opinion also, from an examination of the evidence in the bill of exceptions, that defendant's motion to set aside the verdict and grant a new trial, should have been granted ; and that the majesty of the laws would suffer far less, and be much better sustained, by an acquittal of the defendant, than by encouraging the pernicious example of

such a verdict, assessing a fine and imprisonment so inadequate to the turpitude of the crime.

We are sustained in the above opinion by the decision in the case of *State* v. *Hascall*, 6 N. Hamp. 352, in which the question about the testimony of jurors was fully discussed, and numerous authorities reviewed.

And therefore, the judgment and proceedings of the district court, subsequent to the plea of the defendant, and the making up the issue to the country, must be reversed and set aside, and the case remanded with instructions to award a *venire de novo*, and proceed to trial with the issue.

Judgment reversed.